DÍAZ ET AL., PETITIONERS AND APPELLANTS, *v.* CIVIDANES, CONTESTANT AND APPELLEE.

Appeal from the District Court of Guayama in Proceedings for Administration.

No. 2257.—Decided January 31, 1921.

PARTITION—ADMINISTRATION—FINAL ACCOUNT.—In order that a partitioner may be appointed it is not a necessary prerequisite that the final account of the administrator appointed by the court shall have been rendered and approved.

ID.—ID.—The proper time for objecting to the appointment of a partitioner by the court is when the appointment is made. It is too late after he has rendered his report, particularly when the objecting heirs had appeared before him and taken part in the partition.

The facts are stated in the opinion.

*Mr. T. Bernardini* for the appellants.

*Messrs. Muñoz & Brown* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Guayama appointed a partitioner to divide and distribute the properties of the estate of Rufina Molinari. The said partitioner presented his report to the court and María Hortensia, María Esperanza and Ramón

Pastor Díaz Molinari objected to it generally as a whole, proposed that certain parts of it be struck out, discussed the questions on their merits and moved that the report be rejected. The administrator of the estate, Manuel Cividanes, the widower of Rufina Molinari, opposed the said objections.

All of the parties agreed to argue and submit to the court first the issues of law and then the question of fact raised by the objections. The court approved this agreement and entered an order on April 28, 1920, overruling the general objections made to the report, striking out some parts of it as requested and directing that the parties submit the pending questions of fact. From the first part of that order the contestants took the present appeal.

The general objections involved in this appeal were made by the appellants on the following grounds: First, that the report should be rejected as a whole because the partitioner performed his duties before the final account of the administrator of the estate had been rendered and approved by the court; second, because the partitioner made the inventory of the properties and decided the questions of law raised by the contestants without hearing them on the questions raised for the final settlement of the inventory; third, that the partitioner did not hear them on the appraisement of the properties, for although they appointed experts, they were cautioned not to intervene until the inventory was finally made; fourth, that the partitioner divided and distributed the estate under a premature order of the court based on the erroneous assumption of a previous compliance with section 55 of the Special Legal Proceedings Act when the fact is that the final account of the administrator had not been presented and approved, and that section 59 of the said act had not been complied with.

As may be seen, the general questions raised in opposition to the report in support of the contention that it should

be returned to the partitioner without approval, although stated in four separate propositions, are only two, namely: Whether the partitioner may divide and distribute the estate before the final account of the administrator has been rendered and finally approved, and whether the appellants were heard by the partitioner in the partition proceedings. These are also the only questions assigned as error in this appeal.

Sections 55 and 59 of the Special Legal Proceedings Act, cited by the appellants, are included in the chapter relating to the accounting of administrators and executors and the first section of that chapter (section 54) provides that administrators shall file in the court quarterly statements which shall be open for inspection by the parties in the clerk's office. Section 55 provides that whenever the administrator shall have completed his liquidation of the estate, or resigns, or is removed, or for any reason ceases to be such administrator, he shall file in the court a final account, which shall likewise be open for inspection and may be objected to, according to section 56. Section 57 provides that the court shall approve the account or modify and amend it. Section 58 authorizes certain persons to ask that an administrator be compelled to render his final account. Section 59, the last section of the chapter, provides that the final decree on any accounting shall contain the provisions that law and justice require for the distribution of the surplus, in money or property, remaining after the payment of the debts of the decedent and the expenses of the administration among those entitled thereto by law.

In another chapter, treating of the division and partition of inheritance, section 67 of the same act provides that "whenever any executor or administrator is in possession of all of the estate, and shall have paid or shall have in hand a sufficient amount for the payment of the debts and expenses of administration, he must apply to the district court for the appointment of a commissioner (*contador partidor*) to

make such partition and division, in case that decedent did not, by his will, appoint such commissioner." Section 70 provides that the commissioner shall fix a day, hour and place for the division and shall for such purpose notify the parties thereto, and that at the time and place fixed, and in the presence of the parties, he shall have the power to examine witnesses and experts. This section contains other provisions which we need not refer to now.

In the report of the partitioner, which we have before us in this appeal, there is inserted the order of the district court appointing him as such by virtue of a petition made to that effect by administrator Cividanes, and it is not disputed that the latter was in possession of the whole estate; that there were no debts; that he had in his possession a sufficient amount to pay all of the expenses of the administration, and that the heirs could not come to an agreement regarding the division and distribution of the estate; wherefore, in accordance with section 67 of the Special Legal Proceedings Act, the appointment of a partitioner by the court was proper and the court did not err in making such appointment, although a final account of his administration had not been rendered by the administrator and approved by the court, nor, therefore, had the court ordered a distribution of the surplus among the persons entitled thereto.

Section 67 cited does not require that before a partitioner may be appointed the final account of the administrator must have been rendered and approved, as the appellants maintain; nor could this be required, for, pending the report of the partitioner, which in this case was made on December 26, 1919, or almost ten months after his appointment, and pending objections thereto and its final approval, the estate can not be left without someone to administer it. That final account should be made when by reason of the final approval of the partition of the estate the heirs have taken possession of their respective shares, the administration thus terminat-

ing and the surplus being then divided. Until the partition is finally approved the share of each person interested in whatever surplus remains after the administration can not be known.

Moreover, if the appellants understood that the appointment of a partitioner was premature and improper before the final account was rendered by the administrator and approved by the court and before the distribution of the surplus, they should have acted accordingly when the appointment was made and not now after the report has been rendered and after they had appeared before the partitioner and taken part in the partition made by him. 10 R. C. L., page 511.

As to the second ground of the appeal, the appellants are also wrong, for from the report of the partitioner it appears that in compliance with section 70 of the said act he fixed a day, hour and place for the division, of which the appellants were given notice, and the appellants discussed the questions arising in the proceeding and appointed experts for the appraisement of the properties. If that intervention of the appellants in the preparation of the inventory and the appraisement was under the condition that the partitioner should not make his report until the final account of the administrator had been rendered and approved, it does not so appear from the record before us on appeal, nor was it a reason why the partitioner should not perform the duties entrusted to him by the court, for it was not a prerequisite to his appointment, as we have already said.

For the foregoing reasons the order of the District Court of Guayama of April 28, 1920, in so far as it overruled the general objection made by the appellants to the report of the partitioner, which is the part thereof involved in this appeal, must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.